

FILED
NOV 03 2020

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| MATTHEW C. KURTENBACH, | 1:20-CV-01023-CBK |
|---|---|
| Petitioner, | |
| vs. | |
| BRAD HOWELL, CODINGTON COUNTY SHERIFF, | ORDER |
| Respondent. | |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 attacking his state court pretrial detention at the Codington County, South Dakota jail, claiming that he was being held in violation of his speedy trial rights, 1:20-CV-01007-CBK. The petition was dismissed upon initial consideration on May 6, 2020, on the basis that petitioner's speedy trial claim was pending in at least one of his state court cases and the Younger Doctrine required this court to abstain. Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971).

Petitioner has now filed a second petition for a writ of habeas corpus. He seeks reconsideration of his prior petition, contending that he had been denied his Sixth Amendment right to a speedy trial and that his charges have been pending for 18 months. I have conducted an initial consideration of the petition, as required aby 28 U.S.C. § 2243. I take judicial notice of the state court records of petitioner's cases, which are available through the Unified Judicial System's ecourts portal.

The prior petition concerned charges of aggravated domestic assault by strangulation, domestic abuse simple assault, violation of valid court orders, and habitual offender pending in the Third Judicial Circuit, Codington County, case # 14CRI19-000559. In that case, petitioner was arrested on May 4, 2019, and charged by complaint five days later. He was indicted on July 1, 2019.

Petitioner was initially released on bond as to the above case and was subsequently arrested and released on bond violations several times. Five days after his state court arrest and

charges in 14CRI19-000559, petitioner was arrested on a federal revocation warrant in 5:17-cr-50071-JLV and was detained pending revocation. He was sentenced to eight months custody with no federal supervision to follow on August 14, 2019. He was released from the custody of the Federal Bureau of Prisons on January 3, 2020.

Petitioner was arrested on April 8, 2020, on bond violations in the state court case and was detained. He filed the previous petition for a writ of habeas corpus on April 15, 2020. Prior to the filing of his first federal petition for a writ of habeas corpus, petitioner had filed over 20 demands that he be tried or motions to dismiss for failure to bring his case to trial in 14CRI19-000559. When this Court denied the prior petition for a writ of habeas corpus on May 6, 2020, it appeared that the state court had not ruled on any of petitioner's pending speedy trial motions.

Beginning on April 15, 2020, (the date on which his first petition for a writ of habeas corpus was filed) petitioner has been charged with eleven new state court cases, ten of which are still pending. Petitioner was charged in Codington County on April 15, 2020, in 14CRI20-000444 with 90 counts of violation of a no-contact bond condition, alleged to have occurred on March 21 and April 15, 2020. Trial is set in that matter for November 12, 2020.

Petitioner was charged in Codington County on April 15, 2020, in 14CRI20-000443 with witness tampering, alleged to have occurred on March 24, 2020. An habitual offender information was also filed in that case.

Petitioner was charged in Codington County on May 4, 2020, in 14CRI20-000543 with three counts of forgery, three counts of possession of a forged instrument with intent to defraud, petty theft, and violation of conditional bond, all alleged to have occurred on April 22, 2019. An habitual offender information was also filed in that case.

Petitioner was charged in Hughes County on May 5, 2020, in CRI20-000226 with 137 counts of violation of a no-contact bond condition in a domestic abuse case, all alleged to have been committed March 21-24, 2020.

Following the dismissal of the first federal petition for a writ of habeas corpus, petitioner was charged in Hughes County on June 26, 2020, in 32CRI20-000371 with 174 counts of violation of a no-contact bond condition in a domestic abuse case, all alleged to have been committed June 11-14, 2020.

Petitioner was charged in Butte County on July 22, 2020, in 09MAG20-000120 with theft by no account check, alleged to have been committed March 19, 2020.

Petitioner was charged in Beadle County on July 29, 2020, in 02MAG20-000140 with theft by insufficient fund check, alleged to have been committed March 17, 2020.

Petitioner was charged in Brookings County on August 14, 2020, in 05CRI20-000507 with theft by insufficient funds check, alleged to have occurred on June 5, 2020. A jury trial in that case is scheduled for January 27, 2021.

Petitioner was charged in Brown County on September 16, 2020, in 06MAG20-000429 with theft by no account check, alleged to have occurred May 17, 2020.

Petitioner was charged in Codington County on October 22, 2020, in 14CRI20-001390 with prohibited contact with victim prior to court appearance, alleged to have occurred on October 5, 2020.

It appears from the record in 14CRI19-000559 that the state court has not yet ruled upon petitioner's speedy trial claims. However, a review of one of petitioner's closed state court cases reveals that the speedy trial motions were denied in state court on March 11, 2020, prior to the filing of the prior petition.

Petitioner was charged on May 14, 2019, in 14CRI19-000610 with three counts of possession of a forged instrument, theft by no account check, three counts of petty theft, and violation of a bond condition, all alleging to have occurred March 22-29, 2020. Petitioner had raised speedy trial claims in that case as well. Those charges were dismissed on May 4, 2020, on motion of the prosecutor prior to this Court's decision in 1:20-cv-01007-CBK. A review of that case reveals that Judge Carmen Means issued a joint order in 14CRI19-000559 and 14CRI19-000610 denying the pending state court speedy trial claims on March 11, 2020. That order was filed only in 14CRI19-000610, the case that was closed at the time this Court conducted its earlier review of the state court records. Inexplicably, that written order was not filed in 14CRI19-000559, the case that was the subject of the prior federal habeas petition.

Since the state court's denial of petitioner's speedy trial claims, petitioner has filed three additional demands to be tried/motions to dismiss on speedy trial grounds in 14CRI19-000559. There does not appear to be any written order addressing those motions. The state court previously did not address such claims until over 20 such claims had been filed. Under the circumstances, Younger abstention is not required.

The absence of written orders in 14CRI19-000559 is not limited to speedy trial issues. It is difficult to discern exactly when the pending charges in 14CRI19-000559 are scheduled for

3

trial. On November 27, 2019, the state circuit court set trial for January 30, 2020. Other than that order, there is no other written order setting or continuing the date for trial. There is no written record as to why the trial was not held on January 30, 2020. The hearings record shows that a jury trial was scheduled for March 26, 2020, but there is no written order setting that trial date. That trial was cancelled but there is no written order setting forth the basis for cancelling trial. A jury trial was scheduled for August 27, 2020, but was also cancelled, again with no written explanation. Even the hearings schedule is incomplete since the original January 2020 trial date is not recorded as a scheduled hearing. There are no written orders in the record setting forth the basis for the cancellation of any trial dates. Counsel for petitioner moved to withdraw on September 29, 2020. There has been no written order on that motion.

The state court order denying petitioner's speedy trial claims addressed only the violation of the South Dakota Speedy Trial Act, SDCL 23A-44-5.1 (the 180 day rule). Petitioner has contended that his federal constitutional right to a speedy trial has been violated. As I set forth in a previous opinion involving claimed South Dakota state court violation of the right to a speedy trial:

> The Sixth Amendment to the United States Constitution guarantees an accused a speedy trial, which right is enforced against the States under the Fourteenth Amendment. *Koper v. North Carolina*, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). Upon the petitioner's demand, the state has a "constitutional duty to make a diligent, good-faith effort to bring him before the [circuit] court for trial." *Smith v. Hooev*, 393 U.S. 374, 383, 89 S.Ct. 575, 579, 21 L.Ed.2d 607 (1969).
>
> An alleged violation of the State of South Dakota's 180 days speedy trial rule has no bearing on whether petitioner's Sixth Amendment federal speedy trial right has been violated. *Stewart v. Nix*, 972 F.2d at 970.

Duffy v. Brown County, No. CIV 11-1038, 2012 WL 252641, at *6 (D.S.D. Jan. 25, 2012).

Pursuant to 28 U.S.C. § 2243, this court must either grant the petition for a writ of habeas corpus or direct the respondent to show cause why the writ should not be granted.

Good case appearing,

IT IS ORDERED:

1. The Clerk of Court shall serve by certified mail a copy of the petition and this order upon the respondent.

4

2. The respondent shall, on or before ten (10) days after service, show cause why the petition for a writ of habeas corpus should not be granted.

DATED this 3rd day of November, 2020.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge