UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW C. KURTENBACH,<br><br>Petitioner,<br><br>vs.<br><br>BRAD HOWELL, Codington County Sheriff,<br><br>Respondent. | 1:20-CV-01023-CBK<br><br><br>MEMORANDUM OPINION AND<br>ORDER |

Petitioner, a pretrial detainee at the Codington County, South Dakota, jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to attack his state court pretrial detention on the basis that his Sixth Amendment rights to speedy trials has been violated. I previously set forth the history of petitioner's detention in 1:20-CV-01007-CBK, petitioner's prior petition seeking release from state court custody for failing to bring him to trial. Over seven months ago, I dismissed the prior petition without prejudice because the state court had not yet ruled on petitioner's demands for a speedy trials in one of his pending state court cases. The state court still has not ruled on his demands for speedy trials in two of his cases and has not set his cases for trial.

Petitioner has 12 pending South Dakota state court cases. He has eight pending misdemeanor cases involving bad checks (06 MAG 20-000429, 02 MAG 20-000140, and 09 MAG 20-000120), violating no contact provisions of bond conditions (32 CRI 20-000371 [174 charges], 32 CRI 20-000226 [137 charges], and 14 CRI 20-000444 [90 charges]), and contacting victim prior to court appearance (14 CRI 20-001589 and 14 CRI 20-001390). He has pending felony charges of aggravated assault by choking and aggravated domestic assault by choking (14 CRI 19-000559 – hereinafter "#559") arising out of alleged conduct on May 4, 2019, witness tampering (14 CRI 20-000443 – hereinafter "#443") arising out of alleged conduct on March 24, 2020, forgery (14 CRI 20-000543 – hereinafter "#543") [six felony charges] arising out of alleged conduct on April 22, 2019, and felony theft by insufficient funds check (05 CRI 20-000507 – hereinafter "#507") arising out of alleged conduct on June 5, 2020.

Petitioner was arrested on May 4, 2019, in Codington County, South Dakota, on the pending aggravated assault charges in #559. He was released on bond the day after arrest. On May 6, 2019, a federal petition to revoke supervised release was filed, alleging petitioner

ingested controlled substances in April 2019, that he left the District of South Dakota without permission, and that he committed aggravated domestic assault on May 4, 2019. Petitioner was arrested on the federal revocation warrant on May 9, 2019. The alleged victim of the May 4, 2019, alleged assault signed an affidavit on May 15, 2019, denying that petitioner had ever assaulted or threatened her with bodily harm. Petitioner admitted to ingesting a controlled substance in violation of the conditions of his federal supervised release. His supervised release was revoked and he was sentenced to eight months custody with no supervision to follow. 5:17CR50071-JLV.

From May to November 2019, while he was in federal custody, petitioner filed in #559 14 separate demands for a speedy trial both *pro se* and through his attorney. Petitioner specifically demanded a speedy trial "as guaranteed by the Sixth Amendment to the United States Constitution." Petitioner requested that he be tried while in federal custody via video conference. He appeared by telephone for an arraignment on those charges on November 26, 2019. In November 2019, the case was set for trial on January 30, 2020. Petitioner moved to dismiss the indictment on the grounds that the January trial date violated the state 180-day speedy trial rule and for violation of the Interstate Agreement on Detainers Act.

Petitioner was charged on May 14, 2019, in 14CRI19-000610 (hereinafter "#610") with felony possession of a forged instrument (three counts), felony theft by no account check (three counts), and three other misdemeanors all arising out of the alleged signing of, possession of, and passing of three different checks on April 22, 26, and 29, 2019. Petitioner consented to telephonic appearances in that case "to protect [his] Constitutional right to a speedy trial." From May to November 2019, while he was in federal custody, petitioner filed in #610 12 separate demands for a speedy trial both *pro se* and through his attorney. Petitioner specifically demanded a speedy trial "as guaranteed by the Sixth Amendment to the United States Constitution." He appeared by telephone for an appearance on those charges on November 26, 2019. In November 2019, the case was set for trial on January 30, 2020. Petitioner moved to dismiss the indictment on the grounds that the January trial date violated the state 180-day speedy trial rule and for violation of the Interstate Agreement on Detainers Act. He also moved to dismiss contending that he could not be charged with forging checks on his own account nor could he be charged for writing bad checks for gaming purposes.

The motions pending in # 610 and #559 came on for a hearing on January 22, 2020. Petitioner's January 2020 trial was not held. On March 11, 2020, the state court issued an order denying the pending motions to dismiss in both cases. Although the order addressed the motions to dismiss on the basis of the state speedy trial act, there was no mention of the 26 demands for a speedy trial as required by the Sixth Amendment.

The trials scheduled in both cases for January 2020 were not held. The trials were continued to February and March. On March 13, 2020, the South Dakota Supreme Court declared a judicial emergency due to the COVID-19 public health emergency. On that same day, the South Dakota Supreme Court suspended the provisions SDCL § 23A-44-5.1, the South Dakota 180-day speedy trial rule. The Third Circuit issued Administrative Order #1 on March 16 (Gregory J. Stoltenburg, presiding Judge) stating, in part:

> IT IS FURTHER ORDERED that all jury trials shall be continued for a minimum of 30 days. The only exception is for criminal jury trials where the defendant is incarcerated and there are constitutional considerations regarding the defendant's right to a speedy trial;
> IT IS FURTHER ORDERED that this Order shall continue in effect, unless modified, extended, or terminated by the Presiding Judge, or superseded by the South Dakota Supreme court.

The Third Circuit Administrative Order did not excuse compliance with a detained defendant's Sixth Amendment right to a speedy trial.

A bond revocation hearing was held on April 8, 2020, and petitioner was detained. He filed his first federal petition for writ of habeas corpus on April 15, 2020, 1:20-cv-01007, contending that he was being denied his Sixth Amendment right to a speedy trial in #559. He continued to file demands that he be tried consistent with his Constitutional right to a speedy trial. On May 6, 2020, I denied the petition for a writ of habeas corpus on the basis of Younger v. Harris, 401 U.S. 37, 43-45, 91 S.Ct. 746, 750-51, 27 L.Ed.2d 669 (1971), because the state court had not yet ruled upon the petitioner's many motions to dismiss for a violation of his federal Constitutional right to a speedy trial.

On May 4, 2020, the state court prosecutor dismissed the charges in #610. On that same date, an indictment was filed in 14CRI20-000543 (hereinafter, "#543"), charging three felony counts of forgery, three felony counts of possession of a forged instrument with intent to defraud, and misdemeanor counts, all arising out of the alleged signing of, possession of, and

3

passing of three different checks on April 22, 26, and 29, 2019. The three felony possession of a forged instrument charges were the same charges set forth in the indictment in #610. As to each of the three checks, he has now also been charged with felony forgery. The former three misdemeanor charges of theft by deception were combined in a single misdemeanor count in the new case. In all respects, the defendant's alleged actions from April 2019 which were charged in #610 were now re-indicted in #543.

On October 26, 2020, petitioner filed the within petition for a writ of habeas corpus complaining that the state court had still not tried him in #559. He supplemented his petition to state that he was challenging the denial of his Sixth Amendment rights in both #559 and #543 (the new indictment of the 2019 forgery charges). I ordered the respondent to show cause why the petition for a writ of habeas corpus should not be granted.

As I have set forth previously,

> The Sixth Amendment to the United States Constitution guarantees an accused a speedy trial, which right is enforced against the States under the Fourteenth Amendment. Koper v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). Upon the petitioner's demand, the state has a "constitutional duty to make a diligent, good-faith effort to bring him before the [circuit] court for trial." Smith v. Hooey, 393 U.S. 374, 383, 89 S.Ct. 575, 579, 21 L.Ed.2d 607 (1969).

Duffy v. Brown Cty., S.D., No. CIV 11-1038, 2012 WL 252641, at *6 (D.S.D. Jan. 25, 2012).

In response to the order to show cause, respondent filed a motion to dismiss. Respondent first contends that the motion is only properly challenging the denial of his federal constitutional rights in #559. Petitioner filed a supplement advising he was also challenging the failure to try him in #543. Respondent further argues that petitioner cannot challenge more than one state court judgment in a single habeas case. Petitioner is not, however, challenging a judgment. He is challenging his continued detention without affording him his constitutional right to speedy trials.

Respondent argues that petitioner is prohibited from challenging his South Dakota statutory right to a speedy trial in a federal habeas case. Respondent is correct that petitioner cannot challenge his detention in a habeas petition pursuant to 28 U.S.C. § 2254. Habeas relief is available under 28 U.S.C. § 2241 for detention arising out of custody under color of federal law, a federal court judgment, or detention in violation of the federal constitution. "Violation by

4

state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). Petitioner has made it very clear that he is challenging his continued detention in violation of his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. Pursuant to 28 U.S.C. § 2241(c)(3), petitioner is entitled to challenge his state pre-trial detention as a "violation of the Constitution or laws or treaties of the United States."

Respondent contends that petitioner has failed to exhaust his state court remedies. Respondent takes the position that the state court has not had the opportunity to rule on petitioner's Sixth Amendment claims. As set forth previously, petitioner demanded over 25 times that he be tried consistent with his constitutional rights to speedy trials. The state court failed to address petitioner's federal constitutional claims in its March 11, 2020, order. The state court has continued to fail to address petitioner's repeated demands for a speedy trial. It is clear that any further attempt to have the state court address his federal speedy trial rights would be futile.

Respondent contends that petitioner has not raised his speedy trial claims in #543. Petitioner repeatedly sought trial of his forgery related charges arising out of his alleged conduct on April 24, 26, and 29, 2019, in #610. The prosecutor dismissed those charges and re-filed them in a new case. The prosecutor cannot thwart petitioner's federal constitutional rights to speedy trials by creative pleading.

Sixth Amendment speedy trial claims are analyzed under the United States Supreme Court's decision in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Stewart v. Nix, 972 F.2d 967, 970 (8th Cir. 1992). The district court is required to balance four considerations: "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. at 530, 92 S. Ct. at 2192.

There must be some delay "which is presumptively prejudicial" in order to trigger a speedy trial inquiry. Id. at 530-31, 92 S.Ct. at 2192. "Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Id. The delay in the two cases complained of is over 18 months. As to the domestic assault charges in #559, shortly after the alleged assault, the alleged victim signed a sworn statement denying that she had been assaulted or even threatened. Petitioner naturally sought a speedy trial on those charges. Petitioner is now

5

facing hundreds of charges arising out of alleged violations of the conditions of his release in #559, as well as a witness tampering charge arising out that case. Petitioner raised several legal defenses to the charges in the forgery case, #610, now #543. The state court declined to dismiss the case on the basis of those legal claims because there were factual issues for the jury to resolve. Under the circumstances, the length of the delay in this case is unreasonable and in violation of the United States Constitution.

"Closely related to length of delay is the reason the government assigns to justify the delay." Barker v. Wingo, 407 U.S. at 531, 92 S.Ct. at 2192. Respondent assigns fault with the petitioner for the delay in his trial. It is true that petitioner was in federal custody from May 2019 to January 2020. During that time, petitioner consented to trial in absentia. He made many demands to be tried and his cases were set for trial in January 2020. However, the state court failed to rule on any of petitioner's pending motions until well after the January trial date. The state court's failure to timely resolve petitioner's motions prior to the January 2020 trial date cannot be held against petitioner to justify delay in his trials. Thereafter, the state court continued to delay trial several more times until resolving petitioner's pending motions in the two cases.

Once the pending motions in the two cases were resolved, the trials were further delayed pursuant to the South Dakota Supreme Court's COVID-19 continuance of the South Dakota Speedy Trial Act's 180-day rule. There is no authority for the South Dakota Supreme Court or any other court to authorize a violation of the federal constitutional right to a speedy trial. Federal Courts in the District of South Dakota have conducted trials during the COVID-19 pandemic. Consistent with guidance from the Centers for Disease Control, there is a mask mandate in the federal courthouses in the District of South Dakota applicable to employees, parties, and the public. All those who enter the courthouses are screened for symptoms and for exposure prior to entry. Arrangements have been made in the Northern Division to rent facilities that allow social distancing of all court personnel, attorneys, defendants, and the entire jury panel during jury selection. The federal courtrooms have been rearranged to allow social distancing of court personnel, the parties, and the jurors. Plexiglass screens have been installed in the courtrooms to further protect all those who are required to appear for trial or other hearings. To my knowledge, no person has claimed they contracted COVID-19 following participation in federal criminal hearings in a federal courthouse in the District of South Dakota. At age 83, I

have conducted three criminal jury trials and one civil trial during the pandemic. No adverse health consequences have resulted. Chief Judge Lange has also conducted trials in Pierre, following all safeguards.

I find that the COVID-19 pandemic does not justify the extent of the delay in the cases challenged by petitioner. South Dakota has done little, if anything, to curtail the spread of the virus. The Governor has steadfastly refused to impose a statewide mask mandate. She has often questioned publicly the scientific fact that mask wearing prevents the virus from spreading. She appeared at a dedication ceremony for a large 3M Company in Aberdeen manufacturing plant expansion – to allow 3M to produce even more N95 respirators needed by front-line healthcare workers – as the only public official not wearing a mask. Her example significantly encourages South Dakotans to not wear masks. South Dakota is now a very dangerous place in which to live due to the spread of COVID-19. Even a casual observer must note the failure of most residents of South Dakota to wear masks and maintain social distancing.

The state courts, instead of imposing their own mask mandates and utilizing other methods of preventing the spread of the disease, have decided instead to delay the trials in all criminal cases, including those where the defendant is in custody. "There is no pandemic exception to the Constitution." Carson v. Simon, 978 F.3d 1051, 1060 (8th Cir. 2020). The federal Constitution, while flexible, does not allow a blanket refusal to afford defendants their rights to a speedy trial. Hearings, but not trials, are conducted with no one wearing a mask or social distancing. The State of South Dakota cannot "take advantage" of its own failures to follow scientific facts and safeguards in entering blanket denials of the rights of speedy trials.

Respondent faults the petitioner's own actions in violating the conditions of his bond as a basis for the delay in bringing his cases to trial. The fact that he is in custody requires more careful attention to his speedy trial rights.

I have set forth in detail above the defendant's attempts to assert his constitutional right to a speedy trial. He immediately and repeatedly demanded that he be afforded speedy trials in his cases. Not only did the state court fail to timely address his demand for a speedy trial, the state court failed to address at all his federal constitutional speedy trial claims when considering petitioner's many motions. "The defendant's assertion of his speedy trial right [] is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker v. Wingo, 407 U.S. at 531-32, 92 S.Ct. at 2192-93.

> The prejudice to petitioner is obvious in this case.
>
> Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.
>
> We have discussed previously the societal disadvantages of lengthy pretrial incarceration, but obviously the disadvantages for the accused who cannot obtain his release are even more serious. The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those persons who are ultimately found to be innocent. Finally, even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.

Barker v. Wingo, 407 U.S. at 532–33, 92 S. Ct. at 2193.

Petitioner raised, very early, arguable defenses to the charges that are still pending against him in #559 and #543. Prejudice to petitioner can be presumed in this case, whether or not he had been in custody during the entire time his cases were pending.

This Court can discern no valid basis for failing to timely address the pretrial motions and bring the charges in #559 and #543 to trial. I find that petitioner's Sixth Amendment rights to speedy trials has been violated in those cases.

The appropriate remedy in this case is to require the state court to speedily resolve the charges pending against petitioner in #559 and #543. At this point, I am not inclined to grant "the severe remedy of outright dismissal on the state charges." Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974). However, petitioner is entitled to an order enforcing his federal Constitutional right to speedy trials.

Petitioner's state court cases have been complicated by the continued refusal of the State of South Dakota to rule on his federal speedy trial claims or to conduct trial in his cases. He has

recently moved to replace the state trial judge presiding over his cases. It is clear to petitioner, as well as to this Court, that the current judge is not willing to promptly address his demand for speedy trials nor to promptly try his cases. Such delay cannot be solely attributable to petitioner. Therefore, further unreasonable delay is not justified.

Now, therefore,

IT IS ORDERED that respondent's motion, Doc. 11, to dismiss the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that petitioner shall be afforded jury trials on the felony charges pending in South Dakota Circuit Court cases 14CRI19-000559 and 14CRI20-000543 without further delay and not later than January 15, 2021. Failure to do so will result in the granting of the petition for a writ of habeas corpus. Petitioner shall promptly notify this Court once he has been tried or his charges have otherwise been resolved.

Dated this 28th day of December, 2020.

BY THE COURT:

_Charles B. Kornmann_

_____
CHARLES B. KORNMANN
United States District Judge